IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAFAA DABDOUB, Individually and as Administrator of the Estate of MAHMOUD AHMAD DABDOUB,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN EXPRESS, INC., JAMES DAVID RAST and NATIONAL CASUALTY COMPANY,<br><br>Defendants. | Civil Action No. |

## COMPLAINT FOR DAMAGES

COMES NOW Wafaa Dabdoub, individually and as Administrator of the Estate of Mahmoud Ahmad Dabdoub, by and through her counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury and wrongful death damages arising out of a motor vehicle collision that occurred on January 25, 2013.

## PARTIES, JURISDICTION, and VENUE

2.

At the time of the subject collision, the decedent, Mahmoud Ahmad Dabdoub, was a resident and citizen of the State of Georgia.

3.

Wafaa Dabdoub was married to Mahmoud Ahmad Dabdoub at the time of his death and is the duly appointed Administrator of the Estate of Mahmoud Ahmad Dabdoub.  She brings this action in her individual capacity as surviving spouse and in her capacity as Administrator if the Estate of Mahmoud Ahmad Dabdoub.  Wafaa Dabdoub is a resident and citizen of the State of Georgia.

4.

Defendant JAMES DAVID RAST ("RAST") is a citizen and resident of the State of Florida and may be served through the Non-Resident Motorist Act and may be served pursuant to O.C.G.A. § 40-12-2, by delivering via statutory overnight delivery a copy of the summons and complaint to his resident address at 2527 Camors Road, Jay, Florida 32565, with a copy of process delivered to the Corporations Division of the Georgia Secretary of State's Office at 2 Martin Luther King Jr. Dr., Suite 313 West Tower, Atlanta, GA 30334-1530 with the $10.00 filing fee and statutorily required affidavit or

certified writing. Once served with process as described in this paragraph, Defendant RAST will be subject to the jurisdiction and venue of this Court.

5.

Defendant RAST may also be served in person with process and a Second Original Complaint at his resident address located at 2527 Camors Road, Jay, Florida 32565. Once served with process as described in this paragraph, Defendant RAST is subject to the jurisdiction and venue of this Court.

6.

Defendant RAST was properly served with process in this civil action.

7.

Defendant RAST is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

8.

Defendant WESTERN EXPRESS, INC. ("WESTERN EXPRESS") is a foreign corporation, existing under the laws of the State of Tennessee with its principal place of business in the State of Tennessee and may be served pursuant to O.C.G.A. § 14-2-1510, by delivering via statutory overnight mail a copy of the summons and complaint to its principal place to the attention of: Roland M. Lowell, 7135 Centennial Place, Nashville, TN 37209, with a

copy of process delivered to the Corporations Division of the Georgia Secretary of State's Office at 2 Martin Luther King Jr. Dr., Suite 313 West Tower, Atlanta, GA 30334-1530 with the $10.00 filing fee and statutorily required affidavit or certified writing.  Once served with process as described in this paragraph, Defendant WESTERN EXPRESS will be subject to the jurisdiction and venue of this Court.

9.

Defendant WESTERN EXPRESS may also be served with process by serving a copy of the Summons and Complaint upon its designated agent for service of process in the State of Georgia:  Bruce E. Mitchell, 3390 Peachtree Road, Suite 520, Atlanta, Georgia 30326.  Once served with process as described in this paragraph, Defendant Western Express will be subject to the jurisdiction and venue of this Court.

10.

Defendant WESTERN EXPRESS was properly served with process in this civil action.

11.

Defendant WESTERN EXPRESS is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

12.

Defendant NATIONAL CASUALTY COMPANY ("NATIONAL CASUALTY") is a foreign insurance corporation that provided liability insurance to Defendant WESTERN EXPRESS on the tractor-trailer unit that was involved in the subject collision.  NATIONAL CASUALTY is subject to the jurisdiction of this Court as the insurer of the motor carrier that was operating the tractor-trailer in Georgia pursuant to O.C.G.A. § 40-1-112.

13.

Defendant NATIONAL CASUALTY was transacting business in the State of Georgia and in Cobb County, Georgia on the date of the subject incident and is subject to the venue of this Court.

14.

Defendant NATIONAL CASUALTY may be served pursuant to O.C.G.A §§ 14-2-1510 and 33-4-3 with a second original of the Complaint and Summons on its registered agent, Corporation Service Company, 40 Technology Parkway, South #300, Norcross, Gwinnett County, Georgia, 30092.  Once served with process as described in this paragraph, it will be subject to the jurisdiction and venue of this Court.

15.

Defendant NATIONAL CASUALTY was properly served with process in this civil action.

16.

Defendant NATIONAL CASUALTY is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

17.

The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

18.

There being a diversity of citizenship between Plaintiffs and Defendants, and because the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## **FACTS**

19.

At all times materials to this action, Defendant RAST was a truck driver, driving for Defendant Western Express.

20.

At the time of the collision at issue, Defendant RAST was driving a 2013 Freightliner tractor (hereinafter "Western Express Tractor") that was pulling a flatbed commercial trailer (hereinafter "Western Express Trailer").

21.

At the time of the collision at issue, the Western Express Tractor was owned by Defendant Western Express.

22.

At the time of the collision at issue, the Western Express Trailer was owned by Defendant Western Express.

23.

The night before the collision at issue (the night of January 24, 2013), Defendant RAST spent the night in his sleeper berth parked inside of the Cobb Marietta Industrial Park ("Industrial Park") located off of Cobb Parkway North ("Cobb Parkway") in Marietta, Georgia.

24.

When Defendant RAST woke up on the morning on January 25, 2013, it was dark and raining.

25.

Defendant RAST drove through the Industrial Park on Industrial Park Drive SE until he reached Cobb Parkway.  His intention was to turn left (south) onto Cobb Parkway.

26.

The intersection of Industrial Park Drive SE and Cobb Parkway is not controlled by a traffic light.  There is a stop sign for traffic on Industrial Park Drive SE.  There is no stop sign for traffic on Cobb Parkway.

27.

Turning left from Industrial Park Drive SE onto Cobb Parkway requires the turning vehicle to cross three northbound traffic lanes (including a dedicated turn lane into Industrial Park Drive SE) and a center turn lane.

28.

Prior to beginning his left turn, Defendant RAST stopped at the stop sign where Industrial Park Drive SE meets Cobb Parkway.

29.

At the time Defendant RAST began his left turn, it was dark and raining.

30.

Prior to beginning his left turn, Defendant RAST saw Mr. Dabdoub's van approaching him on Cobb Parkway from the south.

31.

Defendant RAST did not wait for Mr. Dabdoub's vehicle to pass him before beginning his left hand turn onto Cobb Parkway.

32.

Defendant RAST turned left into the path of Mr. Dabdoub's approaching van.

33.

At the time Defendant RAST began to turn left, he knew that he could not clear the northbound lanes of traffic before Mr. Dabdoub hit him unless Mr. Dabdoub hit his brakes or took some other evasive action.

34.

Mr. Dabdoub's vehicle hit and under-rode the left side of the Western Express trailer.

35.

As a result of the collision, Mr. Dabdoub became entrapped in his van.

36.

Before he could be extricated, Mr. Dabdoub's van caught on fire.

37.

Mr. Dabdoub suffered catastrophic injuries and died at the scene of the collision.

## CLAIMS

## COUNT I - NEGLIGENCE OF JAMES DAVID RAST

38.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

39.

At all times material hereto, Defendant RAST was a professional driver with a commercial driver's license.

40.

At all times material hereto, Defendant RAST was driving a commercial motor vehicle in interstate commerce and was subject not only to Georgia traffic laws and trucking safety regulations, but also the Federal Motor Carrier

Safety Regulations.

41.

At all times material hereto, Defendant RAST was also subject to corporate safety standards and trucking industry standards, the violation of which is evidence of negligence.

42.

Defendant RAST was negligent in the operation of the tractor and trailer he was driving in at least the following ways:

    (a)    Improper left turn;

    (b)    Failing to yield the right of way;

    (c)    Failing to keep a proper lookout for traffic;

    (d)    Failing to appreciate the amount of time and clearance he needed to execute a left turn under the circumstances;

    (e)    Failing to use reasonable care in making routing decisions and in trip planning;

    (f)    Driving while distracted and/or fatigued;

    (g)    Failing to drive defensively;

    (h)    Violating Georgia Motor Vehicle Laws including O.C.G.A. §§ 40-6-72 (Failure to yield – stop sign); 40-6-241 (Failing to Drive

with Due Care); 40-6-390 (Reckless Driving); 40-6-73 (Vehicles Entering Roadway); all of which constitute negligence *per se*;

(i) Violation of Federal Motor Carrier Safety Regulations; including, without limitation; §§ 392.2, 392.3 and 392.14, as well as hours of service and inspection regulations, violations of which constitute negligence *per se*; and

(j) Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

43.

Due to conditions present at the time of the crash, Defendant RAST owed a duty of "extreme caution" in the operation of the commercial motor vehicle he was operating. Defendant RAST failed to meet this required standard of care, which failure caused or contributed to cause the collision at issue and the resulting injuries and damages claimed herein.

44.

As a direct and proximate result of the negligence of Defendant RAST, the decedent sustained catastrophic personal injuries which eventually led to his violent and untimely death.

45.

As a direct and proximate result of the negligence of Defendant RAST, the Estate of Mahmoud Ahmad Dabdoub has incurred and is entitled to recover special damages, including but not limited to medical expenses, funeral expenses, burial expenses, and other miscellaneous expenses, in an amount that will be proven at trial. The Estate is also entitled to recover for Mr. Dabdoub's general damages, including his pre-death pain and suffering.

46.

As a direct and proximate cause of the negligence of Defendant RAST, Plaintiff is entitled to recover for the wrongful death of Mr. Dabdoub, including the full value of his life as permitted under Georgia law.

**COUNT II - LIABILITY OF WESTERN EXPRESS, INC.**

47.

Plaintiff incorporates all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

48.

At all times material hereto, Defendant RAST was an employee or agent of Defendant WESTERN EXPRESS, acting within the scope and course of his employment or agency.

49.

At the time of the subject collision, Defendant RAST was operating a commercial motor vehicle under dispatch and under the authority granted to Defendant WESTERN EXPRESS by the Federal Motor Carrier Safety Administration.

50.

Defendant WESTERN EXPRESS is liable for the negligent actions and omissions of Defendant RAST pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

51.

At all times material hereto, Defendant WESTERN EXPRESS was the employer of Defendant RAST as defined by the Federal Motor Carrier Safety Regulations, 49 C.F.R. Sections 383.5 and/or 390.5.

52.

Defendant WESTERN EXPRESS was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant WESTERN EXPRESS was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

53.

As a motor carrier, Defendant WESTERN EXPRESS had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, State trucking safety regulations and trucking industry standards, including the duty to properly qualify Defendant RAST, the duty to properly train Defendant RAST, the duty to properly supervise Defendant RAST, the duty to monitor the hours of service of Defendant RAST, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement appropriate management controls and systems for the safe operation of its commercial motor vehicles.

54.

Defendant WESTERN EXPRESS was _independently_ negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant RAST in connection with his operation of a commercial motor vehicle, in failing to have appropriate policies and procedures in place regarding routing and trip planning, and in otherwise failing to act as a reasonable and prudent trucking company would under the same or similar circumstances.

55.

As a direct and proximate result of the negligence of Defendant WESTERN EXPRESS, the decedent Mr. Dabdoub sustained catastrophic personal injuries which eventually led to his untimely death.

56.

As a direct and proximate result of the negligence of Defendant WESTERN EXPRESS, the Estate of Mahmoud Ahmad Dabdoub has incurred and is entitled to recover special damages, including but not limited to medical expenses, funeral expenses, burial expenses, and other miscellaneous expenses, in an amount that will be proven at trial. The Estate is also entitled to recover for Mr. Dabdoub's general damages, including pre-death pain and suffering.

57.

As a direct and proximate cause of the negligence of Defendant WESTERN EXPRESS, Plaintiff is entitled to recover for the wrongful death of Mr. Dabdoub, including the full value of his life as permitted under Georgia law.

## COUNT III – DIRECT ACTION AGAINST NATIONAL CASUALTY COMPANY

58.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

59.

Defendant NATIONAL CASUALTY provided liability insurance on the tractor and trailer units that were involved in the subject motor vehicle collision.

60.

Defendant NATIONAL CASUALTY agreed to provide insurance coverage to Defendant WESTERN EXPRESS in consideration for the payment of insurance premiums.

61.

Defendant NATIONAL CASUALTY was transacting business in the State of Georgia and in Cobb County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

62.

The decedent, Mahmoud Ahmad Dabdoub, as a member of the public injured due to a common carrier's negligence, is a third party beneficiary to that agreement. Pursuant to O.C.G.A. § 40-1-112, Defendant NATIONAL CASUALTY is subject to this Direct Action.

### **COUNT IV - PUNITIVE DAMAGES**

63.

Plaintiff repeats, re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

64.

Defendants RAST and WESTERN EXPRESS' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

65.

Accordingly, Defendants are liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

(a)   A trial by jury;

(b)   For Summons and Complaint to issue against the Defendants;

(c) For judgment against the Defendants, jointly and severally, to compensate Plaintiff for her pain and suffering, past, present, and future;

(d) For judgment against the Defendants, jointly and severally, in an amount to fully compensate the Estate for all special and general damages suffered by Mahmoud Ahmad Dabdoub including pre-death pain and suffering;

(e) For judgment against the Defendants, jointly and severally, in an amount to compensate for all permitted wrongful death damages permitted under law including for the full value of the life of Mahmoud Ahmad Dabdoub;

(f) For all such other economic and non-economic loses as may be shown at the hearing of this matter to the full extent allowed under law;

(g) That Plaintiff obtains judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(h) Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(i) Court costs, discretionary costs, and prejudgment interest; and

(j) For all such further and general relief which this Court deems just and proper.

Dated: September 3rd, 2014.

                                      **FRIED ROGERS GOLDBERG LLC**

                                      <u>*/s/ Joseph A. Fried*</u>
                                      JOSEPH A. FRIED
                                      GEORGIA STATE BAR NUMBER 277251
                                      R. SEAN MCEVOY
                                      GEORGIA STATE BAR NUMBER 490918

                                      *ATTORNEYS FOR PLAINTIFF*

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE:  404-591-1800
FACSIMILE:   404-591-1801
E-MAIL:       <u>JOE@FRG-LAW.COM</u>
               <u>SEAN@FRG-LAW.COM</u>